NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEPHEN THERIEN,<br><br>Plaintiff,<br><br>v.<br><br>US COACHWAYS, INC, et al.,<br><br>Defendants. | Civil Action No. 24-7549 (RK) (RLS)<br><br>**MEMORANDUM ORDER** |

**KIRSCH, District Judge**

On December 22, 2025, the Court ordered *pro se* Plaintiff Stephen Therien ("Plaintiff") to show cause, by January 5, 2026, "why this case should not be dismissed pursuant to Local Civil Rule 41.1(a) and Federal Rule of Civil Procedure 41(b) for lack of prosecution and failure to comply with court orders." ("Order to Show Cause," ECF No. 25.) To date, Plaintiff has failed to do so. Moreover, many months have passed since Plaintiff took any action in his case. (*See, e.g.*, ECF Nos. 18, 19.) Accordingly, and for the reasons set forth below, the Court **DISMISSES** this action.

In May of 2024, Plaintiff, then represented by counsel, filed suit in state court, alleging violations of the Family and Medical Leave Act, New Jersey Law Against Discrimination, and New Jersey Wage Payment Law by Defendants US Coachways, Inc., U.S. Bus Charter & Limo, Inc., and "John Does 1-5 and 6-10." (ECF No. 1-1.) Defendants US Coachways, Inc., and U.S. Bus Charter & Limo, Inc. ("Defendants") removed the action to this Court on July 3, 2024, pursuant to 28 U.S.C. § 1441(a). (ECF No. 1.) Following several months of discovery, (*see* ECF Nos. 10, 12), the parties' discovery deadlines were held in abeyance, (*see* ECF Nos. 13, 16). On May 27, 2025, Plaintiff's counsel moved to withdraw pursuant to New Jersey Rule of Professional

Conduct 1.16(b). (ECF No. 17.) On August 22, 2025, the Honorable Rukhsanah L. Singh, U.S.M.J., found good cause to grant Plaintiff counsel's motion, (ECF No. 18 at 2), and instructed that Plaintiff "must have new counsel enter their appearance or notify the Court if he intends to proceed *pro se* by no later than September 12, 2025," (*id.* at 3).

That was the first court order with which Plaintiff failed to comply. On September 16, 2025, when Plaintiff had neither identified new counsel nor notified the Court of his *pro se* status, Judge Singh directed the Clerk of the Court to "designate Plaintiff as proceeding *pro se* at this time." (ECF No. 19.)

Judge Singh further ordered "[t]he parties" to "file a letter regarding the status of this matter by September 30, 2025." (*Id.*) That marked the second court order with which Plaintiff failed to comply. On September 30, Defendants alone filed a status update letter advising of Plaintiff's "failure to attempt to communicate with [Defendants]" and stating that Defendants had "no indication that Plaintiff intends to continue prosecuting this matter." (ECF No. 20.)

This Court then ordered Plaintiff to file a letter by November 11, 2025, "indicating whether he intends to continue prosecuting this case." (ECF No. 21.) Plaintiff failed to comply with the Court's order, now for the third time. On October 30, 2025, Plaintiff's former counsel filed a letter requesting an extension of Plaintiff's deadline.[1] (ECF No. 22.) On December 4, 2025, when

---

[1] Plaintiff's former counsel advised that his firm had only recently learned of the Court's August 2025 order granting his motion to withdraw as counsel and provided Plaintiff with a copy thereof. (ECF No. 22.) This circumstance does not negate Plaintiff's non-prosecution and noncompliance with the Court's September and October 2025 orders, and it certainly does not explain or excuse Plaintiff's continued non-prosecution and noncompliance in the months since.

True, the August 2025 order had instructed Plaintiff's former counsel to provide Plaintiff with a copy of the order and to advise Plaintiff that he must identify new counsel or notify the Court of his intention to proceed *pro se*. (ECF No. 18 at 3.) However, a copy of that order was also mailed directly to Plaintiff, (Notice of Electronic Filing for ECF No. 18), as were the Court's September and October 2025 orders, (ECF Nos. 19, 21), and Defendants' September 2025, status update letter (ECF No. 22). The September 2025 order then reiterated Plaintiff's prior counsel's withdrawal and expressly designated Plaintiff as

2

Plaintiff had still failed to file the court-ordered letter or to otherwise take any action in his case, Judge Singh issued another order for "[t]he parties" to file a "joint status letter" by December 15, 2025. (ECF No. 23.) Plaintiff again failed to comply. On December 15, Defendants alone filed a status update letter advising that "[t]he status of this matter has not changed since Defendants' September 30, 2025 update" and that they still had received no communication from Plaintiff and "still ha[d] no indication that Plaintiff intends to continue prosecuting this matter." (ECF No. 24.)

Most recently, on December 22, 2025, the Court gave Plaintiff a final chance. (ECF No. 25.) The Court ordered Plaintiff to show cause, by January 5, 2026, "why this case should not be dismissed pursuant to Local Civil Rule 41.1(a) and Federal Rule of Civil Procedure 41(b) for lack of prosecution and failure to comply with court orders." (*Id.*) The Court specified that "[a] failure to file a show-cause response by January 5, 2026, or an inadequate show-cause response, will result in dismissal of this case." (*Id.*)

Plaintiff's final deadline has come and gone without any response. He has thus failed to comply with, by the Court's count, a fifth court order, (ECF Nos. 18, 19, 21, 23, 25), and has failed to take any action in his case since the withdrawal of his former counsel on August 22, 2025, (ECF No. 18), and his designation as *pro se* on September 16, 2025, (ECF No. 19). He has likewise failed to show cause why this case should not be dismissed pursuant to Local Civil Rule 41.1(a) and Federal Rule of Civil Procedure 41(b), despite being warned that such failure "will result in dismissal of this case." (ECF No. 25); *see Abulkhair v. New Century Fin. Servs., Inc.*, 467 F. App'x

---

proceeding *pro se*, and both the September and October orders gave Plaintiff clear instructions as to his obligations and next steps. Further, and even assuming that, notwithstanding these clear instructions, Plaintiff was unaware of or confused about his *pro se* status and obligations until his former counsel contacted him in late October 2025, his noncompliance and non-prosecution has continued to date.

151, 153 (3d Cir. 2012) (explaining that Federal Rule of Civil Procedure 41(b) permits *sua sponte* dismissal upon a plaintiff's failure to prosecute or to comply with a court order).

The Court finds that Plaintiff's failure to comply with multiple court orders and ongoing "refus[al] to proceed with his case" has "ma[de] adjudication . . . impossible," thus warranting dismissal of this action without any balancing of the relevant factors. *Abulkhair*, 467 F. App'x at 153; *see Spain v. Gallegos*, 26 F.3d 439, 455 (3d Cir. 1994) (affirming *sua sponte* dismissal and noting that, "in contrast to situations in which a court must balance factors because the plaintiff does not desire to abandon her case," balancing the factors is not necessary where a plaintiff willfully refuses to prosecute); *Iseley v. Bitner*, 216 F. App'x 252, 255 (3d Cir. 2007) (per curiam).

Dismissal is equally appropriate under the relevant factors, which the Court will briefly address for the sake of completeness and given Plaintiff's *pro se* status. *See Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002) (per curiam) (outlining six factors district courts balance when assessing appropriateness of dismissal under Rule 41(b): the extent of the party's personal responsibility, prejudice to the opposing party caused by the at-issue conduct, history of dilatoriness, willfulness or bad faith of the at-issue conduct, effectiveness of alternative sanctions, and meritoriousness of the plaintiff's underlying claim (citing *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984))); *see also Hildebrand v. Allegheny County*, 923 F.3d 128, 132 (3d Cir. 2019) ("None of the *Poulis* factors is alone dispositive, and it is also true that not all of the factors need to be satisfied to justify dismissal of a complaint for lack of prosecution.").

Plaintiff himself, and not his former counsel, is personally responsible for his failures to comply and to prosecute. *See supra* note 1; *Emerson*, 296 F.3d at 190–91. These failures have in turn "unduly prejudiced" Defendants by "subject[ing] Defendants to an indefinite delay in reaching the merits of this matter." *Kellner v. EV 1000 LLC*, No. 22-5753, 2024 WL 1956196, at

*3 (D.N.J. Apr. 16, 2024) (citing *Duda v. Rentokil N. Am., Inc.*, No. 18-13930, 2020 WL 1227526, at *3 (D.N.J. Mar. 12, 2020)), *report and recommendation adopted*, 2024 WL 2057296 (D.N.J. May 8, 2024); *see Opta Sys., LLC v. Daewoo Elecs. Am.*, 483 F. Supp. 2d 400, 405 (D.N.J. 2007) ("[T]his case has been at a virtual stand still for over four months which has prejudiced Defendants."). Likewise, Plaintiff's many opportunities and repeated failures to prosecute his case and to respond to court orders establish a clear history of dilatoriness and demonstrate both willfulness and the ineffectiveness of alternative sanctions. *See Opta Sys.*, 483 F. Supp. 2d at 405.

The Court lacks sufficient information to evaluate the final factor, the merits of Plaintiff's claims, "in large part because of Plaintiff['s] lack of participation in this action." *Kellner*, 2024 WL 1956196, at *4. Regardless, and even assuming that Plaintiff's claims have merit, dismissal is plainly appropriate here. *See Opta Sys.*, 483 F. Supp. 2d at 405–06 ("The Court assumes in evaluating the sixth *Poulis* factor that Plaintiff's claim has merit. . . . Nonetheless, the inclusion of this factor is largely neutral and does not change the Court's conclusion that the balance of the *Poulis* factors supports dismissal of this action.").

For the foregoing reasons, Plaintiff's complaint is dismissed. In recognition of his *pro se* status, and despite the many chances given to Plaintiff already, this dismissal is without prejudice.

**THEREFORE**, it is on this 13th day of January, 2026, **ORDERED** that:

I. Plaintiff's Complaint, (ECF No. 1), is **DISMISSED** without prejudice;

II. The Clerk of the Court is directed to **CLOSE** this case; and

III. The Clerk shall mail a copy of this Memorandum Order to Plaintiff's address of record.

_____
**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**

5